RECEIPT NUMBER
507632

14 pgs

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGISTRATE JUDGE VIRGINIA M. MORGAN

De ANTHONY WITCHER,

    Plaintiff,

04-71815

v.

Case No.
Hon.    **GERALD E. ROSEN**

CITY OF DETROIT; Dwight Pearson; Anthony Johnson,
Anthony Jackson, Craig Thomas, James Fisher, Barbara Simon,
William Rice, David Moore, Gerald Thomas, Ken Gardner,
Mamie Wilson, in their individual and official capacities,

    Defendants.

_____/

The Law Office of McCall & Trainor
BY: Christopher J. Trainor (P42449)
6557 Highland Road, Suite 105
Waterford, MI 48327
(248) 886-8650

**FILED**

MAY 1 3 2004

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

## COMPLAINT AND JURY DEMAND

Plaintiff, De ANTHONY WITCHER, by and through his attorney, CHRISTOPHER J. TRAINOR, for their complaint against the above Defendants, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff was at all times hereto a citizen of the United States, resident of Wayne County, State of Michigan.

2. Defendant, City of Detroit, is a governmental subdivision under the laws of the State of Michigan.

1

3. The individual Defendants, City of Detroit police officers, were at all times mentioned herein employed by the City of Detroit and were acting within the scope of his/her employment, under color of law, and were assigned to the Detroit Police Department.

4. Defendants, certain unknown other City of Detroit police officers, were at all times mentioned herein, employed by the City of Detroit and were acting within the scope of his/her employment, under color of law, and were assigned to the Detroit Police Department.

5. All of the events giving rise to this lawsuit occurred in the City of Detroit, County of Wayne, State of Michigan.

6. At all material times, Defendants acted under color of state law, statutes, ordinances, policies, procedures, and usages of the State of Michigan, County of Wayne, City of Detroit.

7. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question], 28 U.S.C. §1343 [civil rights].

8. Plaintiff's claims arise pursuant to federal statute 42 U.S.C. §1983, the Fourth and Fourteenth Amendments of the United States Constitution, and the statutes and common law of the State of Michigan.

## FACTS

9. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

10. On May 25, 2000, Wendy Gales was shot and killed at 14403 Troester in the City of Detroit during a gun fight with two individuals.

11. During the shooting, Orval Gales was also shot however, he survived.

12. Upon information and belief, an argument occurred escalating into a gun fight between Orval Gales, Wendy Gales, and two other black males who were trying to "talk" to Wendy Gales nieces Chakoshen Smith and Shirley Gales.

13. The descriptions of the perpetrators that the witnesses gave police were not of plaintiff, nor could any of the witnesses identify Plaintiff.

14. On May 26, 2000, Plaintiff was arrested and conveyed to 1300 Beaubien to be questioned about the murder and the shooting.

15. Defendants interviewed plaintiff and questioned him about the murders telling Plaintiff he better come up with some information or find out who the shooting.

16. Plaintiff kept telling Defendants that he didn't do anything and didn't have any information.

17. That as a result, Defendants arrested Plaintiff charging him with murder.

18. On May 27, 2000, Defendants set up a show up/lineup identification with a witness Shirley Gates, who did not identify the Plaintiff.

19. Tyesha Gates, who Defendants claim to have been an eye witness, also went through a show up/lineup identification and one or more of the Defendants told Tyesha who to pick.

20. On May 28, 2000, an eye witness, Chakoshen Smith, was involved in a line up and did not identify Plaintiff.

21. Defendants then prepared a request for warrant and investigators report for murder charges on Plaintiff.

22. Defendants statements in their Investigator's Report were misleading, fraudulent, and intentionally slanted to appear as though Plaintiff was guilty.

3

23. That prior to and during Court testimony of certain witnesses, one or all of the Defendants told witnesses to say Plaintiff did the shooting and murder even though the witnesses told Defendants differently.

24. That one or more of the Defendants made promises coerced and/or threatened witnesses into saying Plaintiff did the shooting and murder.

25. That the Defendants, police officers, heretofore mentioned were acting as employees of the City of Detroit, and had a duty to perform their employment activities so as not to cause harm to individuals.

26. Notwithstanding Defendants' duties to perform their employment activities so as not to cause harm to individuals, Defendants breached their duty by acting deliberately, indifferent, reckless, and/or grossly negligent without regard to Plaintiff's constitutional rights and welfare.

27. Defendants knew or should have known that presenting inaccurate misleading evidence to the court would cause the initiation of a malicious prosecution, the false arrest and imprisonment and that their acts constituted a breach of their duties that would cause harm to Plaintiff, as he was illegally seized.

28. Defendants had a special relationship with Plaintiff in that: (a) they arrested him and were therefore responsible for his safety and welfare; (b) using their State power, they threatened and interrogated him knowing they had no evidence that connected him to their murder investigation; (c) they threatened him with life imprisonment; (d) they had complete control of him.

4

29. Defendants at some point and/or at many points in the investigation and/or Court proceedings threatened and/or coerced witnesses to falsely claim Plaintiff committed the crimes.

30. Defendants had complete control over the investigation of the case, who they would investigate, when they would investigate, what evidence they would collect, what they would do with the results of the evidence, and therefore, ultimately, they had complete control over whether Plaintiff was accused, arrested and tried.

31. Defendants breached their duty by failing to properly investigate a murder when they ignored known facts, they are: (a) Plaintiff did not match the physical description of the perpetrators; (b) they did not interview known witnesses; (c) they did not hold line ups for the witnesses who could identify the perpetrators; (d) they had witnesses who told them that Plaintiff was not involved in the crimes; (e) they had no evidence connecting Plaintiff to the crime scene even after his illegal arrest; (f) they knowingly provided misleading information to the court to obtain a warrant.

32. Defendants either acted in concert and/or failed to stop other Defendant's from their unconstitutional actions.

## COUNT I
### VIOLATION OF THE UNITED STATES CONSTITUTION
### FOURTH AMENDMENT, 42 U.S.C. §1983
### WARRANTLESS SEARCH AND SEIZURE WITHOUT PROBABLE CAUSE

33. Plaintiff incorporates by reference all allegations in this complaint.

34. The Fourth Amendment of the United States Constitution establishes that Plaintiff has the right to be free from deprivation of life, liberty and bodily security without due process of law and to be free from unreasonable searches and seizures without oath or affirmation.

35. The Fourth Amendment requires that the deprivation of life, liberty and bodily security be caused by a state actor; that the deprivation is unreasonable if the state acts without a warrant, unless there is probable cause or exigent circumstances considering the totality of the circumstances.

36. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights when they arrested Plaintiff and seized his wife's vehicle without a warrant, and without probable cause or exigent circumstances.

37. Defendants acted unreasonably and failed in their duty to investigate the alleged crime when they arrested Plaintiff without considering the totality of the circumstances.

38. Defendants acted under color of law and violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures when they conducted a warrantless search and arrest of Plaintiff.

39. A reasonable officer would have known that a warrant or probable cause was required before they could arrest Plaintiff and seize his wife's vehicle.

40. Defendants are not entitled to qualified immunity for their non-testimonial acts of misstating their Investigator's Report to influence the appearance of Plaintiff's guilt so that a warrant could issue and in providing false evidence to a magistrate so that probable cause could be established.

41. Defendants are not entitled to qualified immunity as state actors, and can be sued in their individual capacity for violation of Plaintiff's clearly established Fourth Amendment Constitutional right to be free from unreasonable search's and seizures.

42. Defendants' illegal acts were the direct and proximate cause of Plaintiff's deprivation of liberty, and illegal incarceration and prosecution.

43. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth Amendment rights and pursuant to 42 U.S.C. §1983, Plaintiff respectfully requests this court to award exemplary, compensatory, and punitive damages, plus costs, interests, and attorney fees as set forth in 42 U.S.C.§ 1988.

## COUNT II
### VIOLATION THE UNITED STATES CONSTITUTION
### FOURTH AMENDMENT, 42 U.S.C. §1983
### MALICIOUS PROSECUTION/RETALIATION

44. Plaintiff incorporates by reference all allegations in this complaint.

45. At all times relevant, Plaintiff was incarcerated from May 25, 2000, until he was given bond and again on July 10, 2000 until a jury found him not guilty in May 24, 2001.

46. As stated in the above-mentioned facts, Defendants had neither actual knowledge nor probable cause to believe a charge of murder would succeed and acted unreasonably when they initiated a malicious prosecution of Plaintiff in which a jury found him not guilty.

47. Defendants failed to properly investigate; they manufactured probable cause, and incarcerated Plaintiff.

48. Defendants were the initiators of Plaintiff's prosecution because they presented their unfounded facts from their negligent investigation to the prosecutor.

49. In order to establish probable cause to obtain an arrest warrant, Defendants presented their case in a misleading, false manner and without proper investigation of their leads in this case.

50. Defendants knew they falsely and recklessly built a case against Plaintiff, and this exemplifies their callous indifference to Plaintiff's life and liberty.

51. Defendants violated Plaintiff's Fourth Amendment right, and as a result of their above-mentioned acts, Defendants were the direct and proximate cause of Plaintiff's malicious prosecution.

52. The facts as set forth in the preceding paragraphs, evidence Defendants malicious prosecution of Plaintiff and a violation of his Fourth Amendment rights.

53. Therefore, pursuant to 42 U.S.C. §1983, Plaintiff respectfully requests this court to award exemplary, compensatory, and punitive damages, plus costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

### COUNT III
### VIOLATION OF THE UNITED STATES CONSTITUTION
### FOURTEENTH AMENDMENT, DUE PROCESS, 42 U.S.C. §1983
### MALICIOUS PROSECUTION

54. Plaintiff incorporates by reference all allegations in this complaint.

55. Defendant's deliberately violated Plaintiff's Fourteenth Amendment Due Process rights and "shocked the conscience" when in order to legitimize their illegal arrest of Plaintiff, and as officers sworn to uphold the law, they ignored facts known to them.

56. Defendants conduct "shocks the conscience" because they knew they lacked probable cause to arrest Plaintiff, and when he did not confess, they mislead the court in order to establish probable cause.

57. Defendants conduct was lazy, sloppy, deliberately, indifferent, reckless, and with malice.

58. Therefore, pursuant to 42 U.S.C. §1983, Plaintiff respectfully requests this court to award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

## COUNT IV
### CITY OF DETROIT'S CONSTITUTIONAL VIOLATIONS

59. Plaintiff incorporates by reference all allegations in this complaint.

60. Defendant, City of Detroit, acted recklessly and/or with deliberate indifference, when they practiced and/or permitted customs and/or policies that resulted in their violations of Plaintiff.

61. These customs and/or policies included, but were not limited to:

   a. Failure to train and supervise its police officers so as to prevent violations of its citizens' constitutional rights;

   b. Failure to supervise, review and/or discipline police officers whom the City of Detroit knew or should have known were violating or were prone to violate citizens constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct;

   c. Failure to train and institute proceedings to ensure its police officers would conduct proper and legal investigations of crimes;

9

    d.    Failure to train police officers and institute policy against falsifying evidence.

    e.    Having a custom or policy of arresting witnesses to get them to cooperate.

    f.    Having a custom or policy of false arrest and imprisonment of certain suspects and/or witnesses who did not provide a certain level of cooperation to City of Detroit Police Officers.

62. Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

63. Defendants' indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's pain and suffering, humiliation, embarrassment, and mental anguish.

64. For the above reasons, Plaintiff respectfully requests this court to award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1983 and § 1988.

## DAMAGES AND RELIEF REQUESTED

65. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

66. According to the aforementioned facts and as previously stated, Defendants violated Plaintiff's rights as established by the Fourth and Fourteenth Amendments of the United States Constitution, and common law and State laws.

67. Defendants are the direct and proximate cause of the aforementioned violations and unlawful acts against Plaintiff, and pursuant to 42 U.S.C. §1983, Plaintiff has suffered the following injuries:

- Emotional and psychological injury;
- Lost wages;

- Out of pocket losses;

- Lost earning capacity;

- 10 months of unnecessary and illegal incarceration;

- Humiliation, anxiety, fear and embarrassment;

- Injury to reputation;

- Loss of self-worth;

- Physical and economic loss relative court proceedings;

- Loss of quality and enjoyment of life;

- Other damages and injuries.

- Attorney fee's as set forth in 42 U.S.C. § 1988.

Wherefore, Plaintiff respectfully requests this court to award an amount that is fair, just, and reasonable against Defendants for exemplary, compensatory, and punitive damages, in an amount in excess of Seventy Five Thousand Dollars ($75,000) together with interest, costs, and attorney fees.

Respectfully submitted,

BY:_____
CHRISTOPHER J. TRAINOR (P42449)
Attorney for Plaintiff
6557 Highland Road, Suite 105
Waterford, MI 48327
(248) 886-8650

Dated: May 12, 2004
CJT/ky

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

De ANTHONY WITCHER,

        Plaintiff,

v.

        Case No. 04-71815
        Hon. GERALD E. ROSEN

CITY OF DETROIT; Dwight Pearson; Anthony Johnson,
Anthony Jackson, Craig Thomas, J. Fischer, Barbara Simon,
William Rice, David Moore, Gerald Thomas, Ken Ga[...], MAGISTRATE JUDGE VIRGINIA M. MORGAN
Mamie Wilson, in their individual and official capacities,

        Defendants.
_____/

The Law Office of McCall & Trainor
BY: Christopher J. Trainor (P42449)
6557 Highland Road, Suite 105
Waterford, MI 48327
(248) 886-8650
_____/

**FILED**

MAY 1 3 2004

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable as a matter of law.

Respectfully submitted,

BY:_____
CHRISTOPHER J. TRAINOR (P42449)
Attorney for Plaintiff

Dated: May 12, 2004

| JS 44 11/99 | **CIVIL COVER SHEET** | COUNTY IN WHICH THIS ACTION AROSE: Wayne |
|---|---|---|

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**04-71815**

### I. (a) PLAINTIFFS
De Anthony Witcher

### DEFENDANTS
City of Detroit, Dwight pearson, Anthony Johnson, Anthony Jackson, Craig Thomas, James Fisher, Barbara Simon, William Rice, David Moore, Gerald Thomas, Ken Gardner, Mamie Wilson.

(b) County of Residence of First Listed: Wayne 26163

County of Residence of First Listed: Wayne

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number):
Christopher J. Trainor
6557 Highland Road, Suite 105
Waterford, MI 48327

Attorneys (If Known): 71815
GERALD E. ROSEN
MAGISTRATE JUDGE VIRGINIA M. MORGAN

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault Libel And Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| | | | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | [X] 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
violation of Plaintiff's Fourth Amendment rights

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- $DEMAND +75,000
- CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 5/12/04
SIGNATURE OF ATTORNEY OF RECORD

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes: